BOARD OF PUBLIC UTILITY COMMISSIONERS, RELATOR, v. LEHIGH VALLEY RAILROAD COMPANY, DEFENDANT.

Argued January 17, 1929—Decided January 30, 1929.

Before Justices MINTURN, BLACK and CAMPBELL.

For the relator, *John O. Bigelow.*

For the defendant, *Hobart & Minard.*

PER CURIAM.

An application in this case is made for a peremptory, or in the alternative, for an alternative writ of *mandamus* to compel the defendant to begin actual work, within such time as the court may fix, required for making the crossing of the highway, known as South Bridge street or State Highway Route No. 16 in Hillsboro township, Somerset county, New Jersey, in compliance with an order made by the relator dated April 26th, 1927, and to complete the work to be done within one year thereafter. The application is based upon two affidavits; one by Alfred M. Barber, secretary of the board of public utility commissioners of New Jersey; one by Charles A. Mead, engineer; copies of two orders of the board of public utility commissioners, dated respectively, November 24th, 1926, and April 26th, 1927. Two answering affidavits, one by Ralph D. Van Duzer and one by William R. Johnstone, *Exhibit B* a petition for a rehearing before the board of public utility commissioners filed January 14th, 1929.

We cannot find any case in our reports, that would justify us in ordering a writ of *mandamus* in this case at this time.

The power to issue the writ of *mandamus* is a discretionary one. *Jones Co.* v. *Guttenberj,* 66 *N. J. L.* 58; *Ibid.* 659; *Sutton* v. *Champion,* 101 *Id.* 569; 2 *N. J. Mis. R.* 1135.

The right to a writ of *mandamus* must be clear, it will be denied where it creates disorder and confusion. *English* v. *City of Asbury Park,* 115 *Atl. Rep.* 64; *Hugg* v. *Ivins,* 59 *N. J. L.* 139.

The public duty sought to be enforced must be clear and specific. *Uszkay* v. *Dill,* 92 *N. J. L.* 327.

The application is therefore denied at this time, but without prejudice to renew the same at a future time.